ANGIODYNAMICS, INC., Plaintiff

v.

BIOLITEC, INC., Biolitec AG, Biomed Technology Holdings Ltd., and Wolfgang Neuberger, Defendants.

C.A. No. 09–cv–30181–MAP.

United States District Court, D. Massachusetts.

Aug. 30, 2013.

Dawn D. McDonald, Cooley, Shrair P.C., Springfield, MA, Peter Reiser, Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., New York, NY, for Third Party Witnesses Meyers Brothers Kalicka, PC, Kelly Moran, and Carol Morello.

Eric R. Levine, Peter Reiser, Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., New York, NY, Katharine Anne Pacella, Egan, Flanagan & Cohen, PC, Springfield, MA, for Interested Party, Brian Moran Bernard.

## MEMORANDUM AND ORDER REGARDING PLAINTIFF'S CROSS–MOTION FOR CONTEMPT AND ENTRY OF DEFAULT JUDGMENT

(Dkt. No. 279)

PONSOR, District Judge.

### I. INTRODUCTION

Plaintiff has filed a motion for additional contempt sanctions and for entry of a default judgment based on Defendants' continuing failure to comply with court orders. For the reasons set forth below, this motion will be denied. However, the court will order Defendants to report in writing as to their intentions regarding compliance. Defendants should be aware that their continued contumacious conduct could result in reconsideration of Plaintiff's motion.

### II. FACTS

Colm P. Ryan, William E. Reynolds, Bond, Schoeneck & King PLLC, Albany, NY, for Plaintiff.

Edward Griffith, The Griffith Firm, New York, NY, Erika C. Browne, Segel, Goldman, Mazzotta & Siegel, P.C., Paul A. Feigenbaum, Mazzotta, Siegel & Vagianelis, P.C., Albany, NY, Michael K. Callan, Doherty, Wallace, Pillsbury & Murphy, P.C., Springfield, MA, for Defendants.

The facts of this case have been summarized numerous times, most recently in the court's memorandum on Defendants' Motion for Relief. (Dkt. No. 341, Mem. & Order Regarding Defs.' Am. Mot. for Relief from Contempt Order; Defs.' Mot. for Recusal; & Defs.' Mot. to Vacate Prelim. Inj., Aug. 27, 2013.) The key data points are as follows. On September 13, 2012, this court issued a preliminary injunction

enjoining Defendants from "carry[ing] out the proposed 'downstream merger' of Biolitec AG with its Austrian subsidiary." (Dkt. No. 141.) On March 15, 2013, Defendants notified the court that they had proceeded with the enjoined merger anyway, knowingly and intentionally violating the court order, and it had been completed. (Dkt. No. 199.)

On April 10, 2013, after a show-cause hearing, the court ordered that Plaintiff's request for initiation of possible criminal contempt proceedings against Defendant Neuberger be referred to the United States Attorney's Office. (Dkt. No. 245.) The court also found all Defendants in civil contempt and issued an order designed to coerce Defendants' compliance with the preliminary injunction. The order contained two sanctions: (1) an arrest warrant for Defendant Neuberger and (2) a schedule of fines that increased until Defendants complied with the court's order by taking action to return the status quo to its configuration prior to the violation of the court's injunction.

Plaintiff has pointed to three separate undisputed facts evidencing further noncompliance with court orders—beyond the acts committed prior to the original finding of contempt—which, Plaintiffs say, justify entry of an order of judgment by default against Defendants. First, Defendant Neuberger refused to attend the April 10, 2013, show cause hearing despite an express order from this court. (Dkt. No. 231.) Second, Defendant Neuberger failed to hand himself over to authorities after the arrest warrant was issued. Finally, Defendants have paid none of the imposed fines.

### III. *DISCUSSION*

■ It is well established that a court "has wide discretion in its choice of sanctions" for civil contempt. *Goya Foods,*

*Inc. v. Wallack Mgmt. Co.,* 290 F.3d 63, 77 (1st Cir.2002) (citation omitted). At the same time, however, the court must be mindful that civil contempt sanctions are designed to "coerce compliance rather than to punish past noncompliance." *Hawkins v. Dept. of Health & Human Servs.,* 665 F.3d 25, 32 (1st Cir.2012).

Plaintiff terms its proposed sanction as a "conditional default judgment." (Dkt. No. 279, Pl.'s Emergency Cross–Mot. for Contempt & for Entry of Default J. 1.) Clearly, however, this proposed default judgment will have to become final at some stage to have any effect, with the result that its impact may risk being more punitive than strictly coercive. Indeed, once a default judgment becomes final, it would be difficult, if not impossible, for Defendants to purge their contempt.

■ The Supreme Court has held that courts do not have inherent power to strike a defendant's answer and enter a default judgment as a sanction for contempt. *Hovey v. Elliott,* 167 U.S. 409, 444–45, 17 S.Ct. 841, 42 L.Ed. 215 (1897). The Federal Rules of Civil Procedure authorize entry of default judgment only in limited situations. A default judgment may enter "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(a). In addition, a party who fails to comply with discovery orders can be sanctioned with default judgment. Rule 37(b)(2)(A)(vi). In the discovery context, however, this is "a drastic sanction that should be employed only in an extreme situation." *Affanato v. Merrill Bros.,* 547 F.2d 138, 140 (1st Cir.1977) (quotation and citation omitted).

The case primarily cited by Plaintiff does not directly support the proposition that a court can sanction civil contempt

with the entry of a default judgment. In *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908 (1st Cir.1988), the district court had ordered a mortgagor to pay accrued property taxes, or post a bond sufficient to cover tax liability, in a foreclosure proceeding. When the mortgagor, a third-party defendant who had filed a cross complaint, failed to comply with the court order, the court dismissed the mortgagor's cross complaint and struck its defenses to the plaintiff's counterclaim. The court then entered default judgment on plaintiff's counterclaim. The Circuit Court upheld this exercise of power under Rule 41(b) given the mortgagor's "deplorable pattern of pervasive non-compliance with court orders." *Id.* at 917.

■ Here, however, Defendants have not filed any crossclaims or any complaint that might be involuntarily dismissed under Rule 41(b) or (c) for failure to comply with a court order. While, as noted, a federal court can enter default judgment for failure to comply with discovery orders or provide material evidence in a case, Rule 37(b)(2)(A)(vi); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 351, 29 S.Ct. 370, 53 L.Ed. 530 (1909), Plaintiff is requesting default judgment for failure to comply with an ancillary injunction that does not bear directly on the allegations in Plaintiff's complaint. The inherent power of the court to grant default judgment is more doubtful under these circumstances.[1]

In light of these limitations, a restrained approach is more prudent, and Plaintiff's motion will therefore be denied. Defendants should be aware, however, that their continued defiance of court orders will have increasingly severe consequences. With this in mind, the court hereby orders

Defendants to report to this court in writing, no later than September 30, 2013, indicating: 1) whether Defendant Neuberger will voluntarily appear before this court to testify as to his actions in response to the injunction and, if so, when; 2) whether Defendants intend to take steps to restore the status quo that existed prior to their violation of the court's injunction; and 3) whether Defendants will tender the fine amounts imposed by the court and, if so, when. Failure to submit the required report may result in reconsideration of entry of default judgment in these highly unusual circumstances.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Cross–Motion for Contempt and Entry of Default Judgment (Dkt. No. 279) is hereby DENIED. Defendants are hereby ordered to submit the report described no later than September 30, 2013.

It is So Ordered.

---

Kenneth P. Neiman.  (Dkt. No. 327, Mot. for Sanctions Pursuant to Fed.R.Civ.P. 37 Against Biolitec AG, Biomed Tech. Holdings Ltd., & Wolfgang Neuberger.)

---

1.  The court expresses no opinion on whether Defendants' alleged continued egregious discovery violations should result in a default judgment under Rule 37.  A motion seeking this relief is currently before Magistrate Judge